IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARL EDWARD BELL,            :    CIVIL ACTION NO. 1:22-CV-2003

            :

      Plaintiff      :    (Judge Conner)

            :

    v.         :

            :

KIM ARDERY, *et al.*,      :

            :

      Defendants    :

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Carl Edward Bell, alleges that defendants were deliberately indifferent to a serious medical need when they failed to treat a benign tumor in his foot over a period of several months. Defendants have moved to dismiss. The motion to dismiss filed by defendant Sottile will be granted. The motion to dismiss filed by defendants Ardery, Little, and Houser will be granted in part and denied in part.

## I.    Factual Background & Procedural History

Bell filed his complaint on December 6, 2022, and the court received and docketed it on December 16, 2022. (Doc. 1). Bell was incarcerated in Benner Township State Correctional Institution ("SCI-Benner Township") at all relevant times. According to the complaint, Bell was seen by defendant Tiffany Sottile, a nurse practitioner in the prison, for complaints of loss of feeling in his toe on June 8, 2022. (Doc. 1 at 7). Sottile examined his foot and diagnosed him with a benign tumor. (Id. at 8). Sottile scheduled Bell for an ultrasound on September 15, 2022 and prescribed him medication to treat the loss of feeling in his foot. (Id.)

On June 16, 2022, Bell filed a sick call request because he was experiencing pain in his foot. (Id. at 9). He was seen for an appointment with Nurse Taylor.[1] (Id.) Bell asked Taylor if his ultrasound could be moved up. (Id.) Taylor said that she could not do that and could not refer him for an appointment with a podiatrist, but directed him to write a request to the medical department. (Id.)

Bell submitted a request to the medical department later that day asking for the ultrasound appointment to be moved and for an appointment with a podiatrist to be scheduled. (Id.) The medical department responded on June 22, 2022, stating that the ultrasound could not be rescheduled and directing him to sign up for a sick call appointment if his pain worsened. (Id.)

On July 2, 2022, Bell submitted another sick call request in which he stated that he was experiencing sharp pain in his foot and requested that the tumor be removed. (Id. at 10). He was seen by an outside medical professional, "Nurse Ron," on July 11, 2022 for an x-ray on his foot.[2] (Id.) Bell asked Ron why the prison had ordered an x-ray, and Ron purportedly told him that he did not know why and that the tumor in Bell's foot would not show up on an x-ray. (Id.) Bell then informed the prison's activities director on July 17, 2022 that he would not be attending any activities until his foot was treated. (Id. at 11).

Bell was seen for an ultrasound on September 15, 2022 by defendant "Nurse Tracy." (Id.) Tracy allegedly struggled to perform the ultrasound and stated that

---

[1] Taylor is not named as a defendant.

[2] Nurse Ron is not named as a defendant.

the machine was "no good."  (Id.)  She allegedly slapped the machine several times and told Bell that she would ask the medical department to schedule him for an x-ray.  (Id.)  Bell told her that he had already had an x-ray done.  (Id.)  The complaint avers that Tracy then told him that it was only because of his status as a prisoner that he was receiving deficient medical care and noted that her husband had recently had a benign tumor that had been removed "in no time."  (Id.)  Bell asked her, "shouldn't a prisoner receive the same medical treatment as a patient in the hospital?"  (Id.)  Tracy allegedly did not respond.  (Id.)

On September 19, 2022, Bell filed a grievance complaining about the continued failure to treat his foot, the deficient facilities and equipment in the prison, and prison staff's alleged deliberate indifference to his serious medical need. (Id. at 12).  After not receiving a response within fifteen days, Bell appealed the grievance to defendant Houser, the superintendent of the prison.  (Id.)  On October 12, 2022, he received a response from defendant Ardery, the supervisor of the medical department, who stated that his ultrasound had been completed and that it showed no abnormalities.  (Id.)  Ardery also stated that there were no issues with the ultrasound equipment and that Bell would receive further treatment.  (Id.) Defendant Houser subsequently responded to Bell's grievance on November 3, 2022 and urged Bell to participate in any treatment provided to him by the medical

department.  (Id.)  Bell then appealed to defendant Little, who at the time was the

acting secretary of the Department of Corrections ("DOC").[3]  (Id.)

Bell submitted another request to defendant Ardery on November 15, 2022 in

which he asked whether the prison had gotten a new ultrasound machine, asked

when he was going to be seen by a podiatrist, and requested that his tumor be

removed.  (Id. at 14).  As of the filing of the complaint, the prison had not conducted

another ultrasound on his foot.  (See id. at 15).

The complaint asserts claims for deliberate indifference to a serious medical

need, negligence, and medical malpractice.  (Id. at 16).  Bell seeks declaratory relief,

injunctive relief, and damages.  (Id. at 16-17).  Defendant Sottile moved to dismiss

the complaint on March 10, 2023.  (Doc. 31).  Defendants Ardery, Houser, and Little

moved to dismiss on March 29, 2023.[4]  (Docs. 35-36).  Briefing on the motions is

complete and they are ripe for review.  (See Docs. 32, 37, 49).

## II.   Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the

dismissal of complaints that fail to state a claim upon which relief may be granted.

FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the

court must "accept all factual allegations as true, construe the complaint in the light

---

[3] The court takes judicial notice that Little has since been replaced as
secretary by Dr. Laurel R. Harry.  See Secretary of Corrections, DEPARTMENT OF
CORRECTIONS, https://www.cor.pa.gov/Pages/Secretary%20of%20Corrections.aspx
(last visited Oct. 10, 2023).

[4] Defendant Tracy has not been served with process and accordingly has not
responded to the complaint.

most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[]

5

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III.    Discussion

Bell brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

At the outset, we will dismiss Bell's claims against defendants Houser and Little for lack of personal involvement. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of

personal direction or actual knowledge and acquiescence.  Id.  A defendant's review and denial of a prisoner's grievance is not sufficient to establish the defendant's personal involvement in an underlying violation of the prisoner's constitutional rights.  Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).  The only allegations against Houser and Little are that they denied Bell's grievances and that they held supervisory roles in the DOC, neither of which is sufficient to allege personal involvement.  See id.; Rode, 845 F.2d at 1207.

We will also dismiss Bell's negligence and malpractice claims because he has failed to file a certificate of merit in support of either claim.  Under Pennsylvania Rule of Civil Procedure 1042.3, a plaintiff must file a certificate of merit in any case in which the plaintiff alleges that "a licensed professional deviated from an acceptable professional standard" within sixty days after filing the complaint.  Pa. R. Civ. P. 1042.3.  Rule 1042.3 is substantive state law that must be applied by federal courts.  Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011).  Bell filed his complaint on December 6, 2022, so he was required to file a certificate of merit no later than February 4, 2023.  Because he has not filed a certificate of merit as of the date of this opinion, we will dismiss his negligence claim pursuant to Rule 1042.3.[5]

Turning to the deliberate indifference claim against defendants Ardery, Sottile, and Tracy, prima facie claims of deliberate indifference require allegations

---

[5] Bell's deliberate indifference claim will not be dismissed for failure to file a certificate of merit.  Certificates of merit are not required for deliberate indifference claims.  See, e.g., Crawford v. McMillan, 660 F. App'x 113, 116 (3d Cir. 2016).

of "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

Defendant Sottile argues that Bell has failed to allege the elements necessary for a deliberate indifference claim.  We agree.  Based on the four corners of the complaint, it does not appear that Sottile was deliberately indifferent to Bell's need for medical treatment.  The complaint alleges that Bell had one appointment with Sottile, during which she diagnosed Bell's benign tumor, scheduled him for an ultrasound, and prescribed him medication to treat his symptoms.  (See Doc. 1 at 7-8).  There is no allegation that Sottile subsequently failed to treat Bell at any time or that she was personally involved in the alleged failure to remove the tumor from Bell's foot.  It appears from these allegations that Sottile diligently treated Bell and was not deliberately indifferent to his medical needs.

We find the complaint does state a deliberate indifference claim, however, against defendant Ardery.  The complaint alleges that Ardery was the supervisor of the prison's medical department, that she was informed of the need to treat Bell's benign tumor, that she acknowledged the need to treat the tumor, and that she then failed to schedule Bell for a second ultrasound or any other treatment.  These allegations are sufficient to allege deliberate indifference.  We also find the

8

allegations that Bell's tumor was causing him significant pain and loss of feeling in

his foot are sufficient to allege a serious medical need.

Finally, although defendant Tracy has not been served with process and has

not responded to the complaint, we will dismiss the claims against her pursuant to

the screening provisions of 28 U.S.C. § 1915(e)(2)[6] and 28 U.S.C. § 1915A.[7]  The only

allegations against Tracy are that she attempted to give Bell an ultrasound but that

she was unable to do so because the equipment used for the ultrasound was

defective.  (See Doc. 1 at 11).  There is no allegation that she is responsible for the

defective condition of the equipment.  Tracy's allegedly failed attempt to perform an

---

[6] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may
have been paid, the court shall dismiss the case at any time if the court
determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is
        immune from such relief.

[7] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or,
in any event, as soon as practicable after docketing, a complaint in a
civil action in which a prisoner seeks redress from a governmental
entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify
cognizable claims or dismiss the complaint, or any portion of the
complaint, if the complaint--
    **(1)** is frivolous, malicious, or fails to state a claim upon which
    relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from
    such relief.

ultrasound on Bell is not sufficient to allege that she was deliberately indifferent to Bell's serious medical needs.  Similarly, her alleged comments suggesting that Bell might not be receiving optimal care because he was incarcerated does not show deliberate indifference to a serious medical need.  To the contrary, the comments seem to indicate that Tracy was concerned about Bell's condition and believed he should be receiving more treatment than he received.  Hence, we will dismiss the deliberate indifference claim against Tracy.

Before dismissing a civil rights claim for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips, 515 F.3d at 245.  We will deny leave to amend as futile with respect to the negligence and malpractice claims because Bell failed to file a certificate of merit in connection with those claims.  We find that leave to amend is appropriate with respect to the deliberate indifference claim, however, because the claim is factually, rather than legally, deficient.

**IV.**     **Conclusion**

We will grant the motion to dismiss filed by defendant Sottile, grant in part and deny in part the motion to dismiss filed by defendants Ardery, Houser, and Little, dismiss the complaint without prejudice except to the extent that it states a deliberate indifference claim against Ardery, and grant Bell leave to file an amended complaint.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     October 11, 2023